IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| TINO SMITH, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:18-cv-2078 |
| | ) | |
| FEDERAL EXPRESS CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Before the Court is the Magistrate Judge's February 15, 2019 Report and Recommendation (the "Report"). (ECF No. 21.) The Report recommends granting Defendant Federal Express Corporation's ("FedEx's") November 9, 2018 Motion for Summary Judgment. (ECF No. 18.) Plaintiff Tino Smith, Sr. filed an objection to the Report on March 4, 2019. (ECF No. 24.) FedEx responded to Smith's objection on March 18, 2019. (ECF No. 26.)

For the following reasons, Smith's objection is OVERRULED. The Report is ADOPTED. FedEx's Motion for Summary Judgment is GRANTED.

**I. Background**

Smith does not object to the Magistrate Judge's findings of fact. Those findings are adopted. See Thomas v. Arn, 474 U.S.

140, 150 (1985). The following is a summary of the findings relevant to this Order.

Smith started working at FedEx's Indianapolis, Indiana hub as a part-time handler in September 2009. (ECF No. 21 at 182.) On March 23, 2016, Smith filed a Complaint of Discrimination against FedEx with the Indiana Civil Rights Commission. (Id. at 183.) He alleged that FedEx discriminated and retaliated against him by failing to hire him for various management positions in Indianapolis. (Id.) Smith later secured the position of Senior Manager and transferred to FedEx's Memphis, Tennessee hub. (Id.)

FedEx fired Smith on November 30, 2016 for violating FedEx's Anti-Harassment Policy and its Acceptable Conduct Policy. (Id. at 185.) Smith left offensive material on several managers' golf carts. (Id. at 184.)

Smith filed a Charge of Discrimination with the EEOC in Memphis on December 27, 2016. (Id. at 187.) The EEOC issued Smith a right to sue letter on October 4, 2017. (ECF No. 1-1 at 12.) Smith sued FedEx in the Circuit Court of Shelby County, Tennessee on December 19, 2017. (ECF No. 21 at 180.) Smith alleged FedEx retaliated against him in violation of Title VII, 42 U.S.C. §§ 2000e et seq., and the Genetic Information Nondiscrimination Act of 2008 ("GINA"), 42 U.S.C. §§ 2000ff et seq. (Id.) FedEx received Smith's Complaint on January 4, 2017. (ECF No. 1-1 at

2

27.) FedEx removed the case on February 2, 2018.  (ECF No. 21 at 180.)

**II. Jurisdiction**

The Court has federal question jurisdiction.  Under 28 U.S.C. § 1331, district courts have original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States."  Smith asserts a right to relief against FedEx under Title VII and GINA.  Those claims arise under the laws of the United States.

**III. Standard of Review**

**A. Report and Recommendation**

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district-court duties to magistrate judges.  See United States v. Curtis, 237 F.3d 598, 602 (6th Cir. 2001) (citing Gomez v. United States, 490 U.S. 858, 869-70 (1989)); see also Baker v. Peterson, 67 F. App'x 308, 310 (6th Cir. 2003).

For dispositive matters, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  See Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1).  After reviewing the evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations.  28 U.S.C.

§ 636(b)(1). The district court is not required to review -- under a de novo or any other standard -- those aspects of the report and recommendation to which no objection is made. See Arn, 474 U.S. at 150. The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. See id. at 151.

**B.      Summary Judgment**

Under Federal Rule of Civil Procedure 56, a court must grant a party's motion for summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party must show that the nonmoving party, having had sufficient opportunity for discovery, lacks evidence to support an essential element of its case. See Fed. R. Civ. P. 56(c)(1); Peeples v. City of Detroit, 891 F.3d 622, 630 (6th Cir. 2018).

When confronted with a properly-supported motion for summary judgment, the nonmoving party must set forth specific facts showing that there is a genuine dispute for trial. See Fed. R. Civ. P. 56(c). "A 'genuine' dispute exists when the plaintiff presents 'significant probative evidence' 'on which a reasonable jury could return a verdict for her.'" EEOC v. Ford Motor Co., 782 F.3d 753, 760 (6th Cir. 2015)(en banc) (quoting Chappell v. City of

Cleveland, 585 F.3d 901, 913 (6th Cir. 2009)). The nonmoving party must do more than simply "show that there is some metaphysical doubt as to the material facts." Lossia v. Flagstar Bancorp, Inc., 895 F.3d 423, 428 (6th Cir. 2018) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)).

Although summary judgment must be used carefully, it "is an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action[,] rather than a disfavored procedural shortcut." FDIC v. Jeff Miller Stables, 573 F.3d 289, 294 (6th Cir. 2009) (quotation marks and citations omitted).

**IV. Analysis**

    **A.    GINA Retaliation Claim**

Smith does not object to the Report's recommendation that summary judgment be granted for FedEx on Smith's GINA claim. The Report's recommendation is therefore ADOPTED. FedEx's Motion for Summary Judgment is GRANTED on Smith's GINA claim.

    **B.    Title VII Retaliation Claim**

Smith does not properly object to the Report's recommendation that summary judgment be granted for FedEx on Smith's Title VII claim. Smith merely reargues the merits of summary judgment with new allegations and new arguments not presented to the Magistrate Judge. Smith, for example, fails to object specifically to the

Report's conclusion that FedEx proffered unrebutted evidence that it had a legitimate, non-discriminatory reason for firing him. Smith's general objection, which does not specify the issues of contention, is tantamount to filing no objection at all. See McCready v. Kamminga, 113 F. App'x 47, 49 (6th Cir. 2004); Murphy v. Reed, 22 F. App'x 390, 391 (6th Cir. 2001). The Report's recommendation is therefore ADOPTED. FedEx's Motion for Summary Judgment is GRANTED on Smith's Title VII claim.

**V. Conclusion**

For the foregoing reasons, Smith's objection is OVERRULED. The Report is ADOPTED. FedEx's Motion for Summary Judgment is GRANTED.

So ordered this 6th day of May, 2019.

/s/ Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE